Judge Mills
delivered the opinion.
This case was in this court on a former occasion, and it *169 Reported 1 Marsh. 2(4- On the second trial, the lessors of the plaintiff shetved the patents of John May, covering the land in controversy, and conveyances from his heirs to themselves, and that the defendants were in possession. The defendants shewed, that the lands in question were settled at a very early period, not less than thirty years before ihe commencement of this suit, by a person who lived upon it, claiming title under no other claim, and setting up no title in himself: That he afterwards sold out his improvements to one of the present lessors of the plaintiff, who entered, claiming an equity mediately through his brother, in the patents of May, which are now set up by him to authorise his recovery: That he. the lessor of the plaintiff, held the land till within the period of twenty years before this suit was commenced, when the defendant, Calhoon, who holds a patent on the land of a younger date than that of May, set up and erged his claim as the better title. To him the lessor of the plaintiff Baird, agreed to surrender the possession, and did actually do so; and by order of court, and the award of referees thereon, Baird and Calhoon settled the controversy which existed between them, as to rents and improvements.
XAfae of time,couple<i with expiun-a°lr' cir UP‘ fancy, does not justify a cSm'of the infant, or that», r
The counsel for the defendants moved the court to instruct the jury, that from the great lapse of time, they had a right to presume a release of the estate from Baird to Calhoon,on the surrender aforesaid; but the court overru led the motion, and an exception was taken. We see no error in this decision. However favorable to this presumption the lapse of time might have been, the presumption itself was strongly repelled by other circumstances, shewn in the cause, John May, the patentee, is shewn to have died at an early period, holding the legal estate; and he left his heirs infants, and incapable of conveying for about 20 years after his death, and they never conveyed to Baird till a short time before the commencement of this suit; and Bawd, when he surrendered the possession, had not. and did not pretend to have, any estate, except an equity under his brother, who claimed an equity under May. Such circumstances, we conceive, repelled the presumption of a release, and instead of giving the jury a right to presume it, as the defendants supposed, they forbade its indulgence.
The counsel for plaintiff then moved the court to instruct the jury, in substance, that if,the;, believed the whole of the evidence, they ought to find lor the plaintiff. The court *170 reserved this instruction, and permitted the jury to find S verdict on the issue, subject to the opinion of the court on tiie point reserved. The court afterwards decided in favoi* of the plaintiff, and gave judgment accordingly. In examining the evidence on both sides, we discover no contradiction or contrariety, when that of each party is compared. They both had patents conveying the land. That of the plaintiffs was the eldest; and the title of the lessors appeared to be regularly deduced. The occupancy of the defendants had not been long enough to furnish a bar, by the defendant’s own shewing. And although the lessor, Baird, had once surrendered the possession to the claim of the defendants, supposing it to be superior, before he held the legal title of the claim, which he professed to hold, yet this furnished no valid objection against his regaining the possession after he bad acquired the legal estate, and was sensible of the superiority of his claim. Upon the whole case, then, we discover no legal impediment to the plaintiff’s recovery, and see no error in the opinion of the court below-
Though the holder of an equity under an elder patent Hi ay have surrendered possession to a junior patent, yet he is not estopped after acquiring the legal title to assert his legal claim, unless 20 years possession has been had under the surrender.
Bibb for appellant.
The judgment must be affirmed with costs.